IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| PHYLLIS JUNE BURRIS,<br><br>                Plaintiff,<br><br>v.<br><br>FINANCE OF AMERICA REVERSE LLC,<br>WILMINGTON SAVINGS FUND SOCIETY,<br>FSB, and FINANCE OF AMERICA<br>STRUCTURED SECURITIES ACQUISITION<br>TRUST 2018-HB1,<br><br>                Defendants. | NO. 1:22-CV-00588-MJT-ZJH |

## REPORT AND RECOMMENDATION DISMISSING CASE

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Doc. No. 5. On June 28, 2023, the undersigned issued an *Order to Conduct Rule 26(f) Conference* ("Order to Conduct"). Doc. No. 7.

Federal Rule of Civil Procedure 26(f) mandates that the "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." FED. R. CIV. P. 26(f)(1). In conferring, the parties must consider the "nature and basis of their claims and defenses," the possibility of settling the case, make arrangements for their Rule 26(a)(1) initial disclosures, and discuss issues regarding discovery, and make a discovery plan. *Id.* § (f)(2). "The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." *Id.*

In the undersigned's *Order to Conduct* (Doc. No. 7), the court ordered the parties to satisfy four (4) separate deadlines:  (1) that they must hold their Rule 26(f) Conference by July 19, 2023; (2) that they must complete their initial disclosures by July 31, 2023; (3) that they must file their joint report of their conference by August 2, 2023; and (4) that they must attend a Rule 16 Case Management Conference before the undersigned on August 16, 2023.  Doc. No. 7 at 1–2.  On July 3, 2023, Burris received the court's *Order to Conduct* (Doc. No. 7), with its accompanying scheduling deadlines, as noted in her Certified Mail Green Card Return Receipt.  Doc. No. 8. Burris was therefore on notice that she must comply with the court's order, and meet all four (4) deadlines.  *Id.*

On August 2, 2023, Defendant Wilmington Savings Fund Society, FSB filed its *ex parte Conference Report* (Doc. No. 10), stating that, "[d]espite numerous attempts by Defendant's counsel to contact Plaintiff, Phyllis June Burris ('Plaintiff' or 'Burris') at the telephone number and email address provided in Plaintiff's pleadings, Plaintiff has not responded to any of Defendant's counsel's attempts to contact Plaintiff.  Consequently, Defendant submits this report unilaterally."  Doc. No. 10 at 1.  On August 16, 2023, the undersigned held its scheduled Rule 16 Case Management Conference.  Aug. 16, 2023 Min. Entry.  Plaintiff Phyllis Burris failed to attend this hearing.  *Id.*

"Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."  *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (footnote and citations omitted); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the court. . . . The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by the defendant.") (internal citations omitted); *Spiewak v.*

2

*Kimberley*, No. 4:22-CV-00813-SDJ-CAN, 2023 WL 3690002, at *1–2 (E.D. Tex. May 3, 2023) (dismissing action *sua sponte* under Rule 41(b) where plaintiff failed to comply with court order to pay an initial part of filing fee and provide current physical mailing address).

In the present matter, Burris has submitted at least one filing on this action's docket (Doc. No. 4), indicating that she has appeared in this litigation.  Additionally, the Certified Mail Return Receipt shows that she has received this court's *Order* (Doc. No. 7), and its accompanying deadlines.  However, Burris has specifically failed to comply with at least three (3) of the court's previously scheduled deadlines:  (1) conferring with Defendants, as prescribed by Rule 26; (2) jointly filing her Rule 26(f) report with Defendants; and (3) attending the court's Rule 16 Case Management Conference.  Therefore, the undersigned must recommend that the court *sua sponte* dismiss this action.

## I.    <u>Recommendation</u>

The undersigned recommends **DISMISSING** the present action for Plaintiff Phyllis June Burris's failures to comply with the court's scheduled deadlines set forth in its previous *Order to Conduct* (Doc. No. 7).

## II.    <u>Objections</u>

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report.  *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2).  A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations

to which a specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 18th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge